IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES FOR THE USE AND BENEFIT OF CONTRACK WATTS, INC., | ) ) ) ) | |
| Plaintiff, | ) ) | NO. 3:21-cv-00307 |
| v. | ) ) ) | JUDGE CAMPBELL MAGISTRATE JUDGE NEWBERN |
| RELYANT GLOBAL, LLC and LEXON INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Pending before the Court is Defendants' Motion to Transfer Venue Under U.S.C. § 1404. (Doc. No. 25). Plaintiff filed a response in opposition (Doc. No. 32) and Defendants filed a reply (Doc. No. 39). For the reasons discussed below, the motion is **DENIED**.

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."[1] "In ruling on a motion to transfer venue, a court typically considers factors relating to the convenience of the parties and the public interest." *Scott v. White*, 539 F. Supp. 3d 831, 846 (M.D. Tenn. 2021). However, the presence of a valid and enforceable forum-selection clause "requires district courts to adjust their usual § 1404(a) analysis." *Atl. Marine*, 571 U.S. at 63–64. "In such cases, the plaintiff's choice of forum 'merits no weight' and courts consider arguments only under the public-

---

[1] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system[.]" *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013).

interest factors, treating the private-interest factors as 'weigh[ing] entirely in favor of the preselected forum.'" *Lakeside Surfaces, Inc. v. Cambria Co., LLC*, 16 F.4th 209, 215 (6th Cir. 2021) (quoting *Atl. Marine*, 571 U.S. at 63-64).

In the present case, the parties agree that there is a valid forum-selection clause under which any federal or state court within Tennessee is acceptable. (*See* Doc. No. 1-2 ¶ 16; Doc. No. 26 at 2-3; Doc. No. 32 at 1). Accordingly, the court "may consider arguments about public-interest factors only" in evaluating Defendants' pending motion to transfer. *Atl. Marine*, 571 U.S. at 64. Factors relating to the public interest include the local interest in having localized disputes decided at home; the administrative difficulties resulting from court congestion; and the interest in having a trial of a diversity case in a forum at home with the law that will be applied. *See id*. at 62 n.6.

Here, none of the public interest factors warrants transferring the case to the Eastern District of Tennessee. First, there is no localized dispute because the operative facts occurred in Guam. Second, none of the parties provides a "basis for concluding that this court should alleviate any congestion of its docket by foisting work onto the Eastern District of [Tennessee]." *Ingram Barge Co., LLC v. Bunge N. Am., Inc.*, 455 F. Supp. 3d 558, 576 (M.D. Tenn. 2020). Finally, both potential forums are "at home with the law that will be applied." *Atl. Marine*, 571 U.S. at 62 n.6.

Accordingly, for the foregoing reasons, Defendants' Motion to Transfer Venue Under U.S.C. § 1404 (Doc. No. 25) is **DENIED**.

                                            */s/ William L. Campbell, Jr.*
                                            WILLIAM L. CAMPBELL, JR.
                                            UNITED STATES DISTRICT JUDGE