IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ET AL., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | NO. 3:21-cv-00307 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| RELYANT GLOBAL, LLC, ET AL., ) | MAGISTRATE JUDGE NEWBERN |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Pending before the Court is Defendant Lexon Insurance Company's ("Lexon") Motion to Dismiss. (Doc. No. 21). Plaintiffs filed a response in opposition (Doc. No. 34) and Lexon filed a reply (Doc. No. 38). For the reasons discussed below, Lexon's motion (Doc. No. 21) will be **DENIED**.

### I. FACTUAL BACKGROUND

Plaintiffs allege that in 2015, Defendant Relyant Global, LLC ("Relyant") entered into a contract on a federal project known as the Grounds Support Equipment Shops at North Ramp, Anderson Air Force Base in Guam (the "Project"). (Doc. No. 1 ¶ 6). Plaintiffs state that in 2015, Relyant obtained a payment bond from Lexon, wherein "Lexon agreed to be bound 'jointly and severally' with Relyant to make payment to all persons having a direct contractual relationship with Relyant or to any subcontractor of Relyant who furnished labor, material, or both in the prosecution of the work provided for in the" Project. (*Id.* ¶ 7).

Relyant subsequently contracted with Plaintiff Contrack Watts, Inc. ("CWI") to furnish labor, materials, and equipment for the Project. (*Id.* ¶ 8). Plaintiffs allege that Relyant failed to pay CWI for CWI's work on the Project in the amount of $821,240.67. (*Id.* ¶ 11). Plaintiffs state that

on or about August 6, 2019, CWI submitted a claim on the bond to Lexon and received a letter from Sompo International Insurance ("Sompo") notifying CWI that it had acquired Lexon, would be investigating CWI's claim, and acted as though it were the surety on the bond. (*Id.* ¶¶ 14-16).

On January 10, 2020, CWI filed suit against Relyant and Sompo in the United States District Court for Guam seeking payment of the claim amount. (*Id.* ¶ 18). Plaintiffs allege the lawsuit was ultimately dismissed for Plaintiffs' failure to comply with the alternative dispute resolution procedures set forth in the agreement between CWI and Relyant. (*Id.* ¶ 21). On April 16, 2021 Plaintiffs filed this lawsuit against Relyant and Lexon. (Doc. No. 1). Plaintiffs bring claims for breach of contract and quantum meruit against Relyant and violation of the Miller Act, 40 U.S.C. 3133 against Lexon. (Doc. No. 1 ¶¶ 23-37).

On September 27, 2021, Lexon filed the pending motion seeking dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) and alleges that Plaintiffs' claim against Lexon is barred by the statute of limitations. (Doc. No. 21).

## II.    STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d

471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

### III.     ANALYSIS

Lexon seeks dismissal under Rule 12(b)(6) based on the affirmative defense of statute of limitations. Specifically, Lexon argues that any claim arising under the Miller Act must be brought within one year after the date on which the person bringing the action last performed labor or supplied material. (Doc. No. 22 at PageID # 88). Lexon contends that CWI completed labor and supplying materials for the Project in early 2019 and that CWI's Miller Act claims expired in February 2020. (*Id.* at PageID # 89). Lexon argues that Plaintiffs asserted the Miller Act claim for the first time on April 16, 2021. (*Id.*).

In response, Plaintiffs argue that equitable tolling prevents dismissal. Plaintiffs contend that CWI commenced suit against Sompo in the Guam litigation within the limitations period and that based on Sompo's representations to CWI regarding CWI's claim, Sompo misled CWI about the identity of the proper surety. (Doc. No. 34 at PageID # 180). Plaintiffs also argue that CWI was granted leave by the Guam court to add Lexon as a defendant in that action.

A Rule 12(b)(6) motion only considers the allegations in the Complaint and generally will not be granted based on a limitations defense unless the Complaint shows that a claim is time-barred. *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

The Court does not find that Plaintiffs' claim against Lexon is clearly time-barred. Thus, Defendant Lexon's motion to dismiss is denied.

## IV. CONCLUSION

For the reasons stated above, Defendant Lexon's Motion to Dismiss (Doc. No. 21) will be **DENIED**.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE