IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, ET AL., | ) | |
|---|---|---|
| Plaintiffs, | ) ) ) | NO. 3:21-cv-00307 |
| v. | ) ) | JUDGE CAMPBELL |
| RELYANT GLOBAL, LLC, ET AL., | ) ) | MAGISTRATE JUDGE NEWBERN |
| Defendants. | ) | |

## MEMORANDUM

Pending before the Court is Defendant Relyant Global, LLC's ("Relyant") Motion to Dismiss. (Doc. No. 23). Plaintiffs filed a response in opposition (Doc. No. 33) and Relyant filed a reply (Doc. No. 37). For the reasons discussed below, Relyant's motion (Doc. No. 23) will be **DENIED** as moot.

### I. FACTUAL BACKGROUND

Plaintiffs allege that in 2015, Relyant entered into a contract regarding a federal project known as the Grounds Support Equipment Shops at North Ramp, Anderson Air Force Base in Guam (the "Project"). (Doc. No. 1 ¶ 6). Plaintiffs state that in 2015, Relyant obtained a payment bond from Defendant Lexon Insurance Group ("Lexon"), wherein "Lexon agreed to be bound 'jointly and severally' with Relyant to make payment to all persons having a direct contractual relationship with Relyant or to any subcontractor of Relyant who furnished labor, material, or both in the prosecution of the work provided for in the" Project. (*Id.* ¶ 7).

Relyant subsequently contracted with Plaintiff Contrack Watts, Inc. ("CWI") to furnish labor, materials, and equipment for the Project (the "Subcontract"). (*Id.* ¶ 8). The Subcontract contains the following provision:

> The Parties acknowledge that there are a number of informal dispute resolution procedures (such as non-binding mediation and informal conferences) which will be used in an effort to resolve any controversy, dispute or claim arising out of this Agreement, or the alleged breach thereof. The Parties agree that the aforementioned procedures will be utilized prior to proceeding in a judicial forum. Should any such controversy, dispute or claim arise, the Parties shall first attempt to resolve it by designated executives of the Parties. If that is unsuccessful, either Party may request in writing that an informal dispute resolution procedure should be utilized, stating in general terms the nature of the proposed procedure and provide the other Party with sufficient descriptions and information regarding its position to permit informed assessments and decisions. The other Party shall then have a period of two (2) weeks in which to respond. If no answer to such request is given within such period, then the requesting party shall be free to pursue any legal remedy which may be available to it. If such request is answered by the other Party, the Parties shall follow the procedure outlined in the request, or other procedure mutually agreed to by the Parties, in a diligent effort to resolve the controversy, dispute or claim. In the event the parties fail to resolve the claim or controversy in the dispute resolution procedure utilized, within two (2) weeks thereafter either party may propose an additional informal dispute resolution procedure and the parties shall proceed in like manner as above. If, in spite of the diligent effort of the Parties, the controversy, dispute or claim is not resolved; then either party may pursue legal action as appropriate in a court of law in the State of Tennessee.

(Doc. No. 1-2 at PageID # 26-27).

Plaintiffs allege that Relyant failed to pay CWI for CWI's work on the Project in the amount of $821,240.67. (*Id.* ¶ 11). Plaintiffs state that on or about August 6, 2019, CWI submitted a claim on the bond to Lexon and received a letter from Sompo International Insurance ("Sompo") notifying CWI that it had acquired Lexon, would be investigating CWI's claim, and acted as though it were the surety on the bond. (*Id.* ¶¶ 14-16).

On January 10, 2020, CWI filed suit against Relyant and Sompo in the United States District Court for Guam seeking payment of the claim amount. (*Id.* ¶ 18). Plaintiffs allege the lawsuit was ultimately dismissed for Plaintiffs' failure to comply with the alternative dispute resolution procedures set forth in the agreement between CWI and Relyant. (*Id.* ¶ 21). On April 16, 2021, Plaintiffs filed this lawsuit against Relyant and Lexon. (Doc. No. 1). Plaintiffs bring

claims for breach of contract and quantum meruit against Relyant and violation of the Miller Act, 40 U.S.C. 3133 against Lexon. (Doc. No. 1 ¶¶ 23-37).

On September 27, 2021, Relyant filed the pending motion seeking dismissal of Plaintiffs' claims under Fed. R. Civ. P. 12(b)(6) on the grounds that Plaintiffs have failed to comply with the contractual dispute resolution procedures in the Subcontract. (Doc. No. 23).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III.     ANALYSIS

Relyant seeks dismissal under Rule 12(b)(6) because Plaintiffs failed to exhaust the alternative dispute resolution provision in the Subcontract. Specifically, Relyant contends that the Subcontract provides that the parties must attend informal dispute resolution procedures before litigating this action. (Doc. No. 24 at PageID # 98). Relyant argues that Plaintiffs agreed to

3

participate in mediation (Doc. No. 9 at PageID # 53) and that Plaintiffs should be required to proceed with mediation before the parties continue litigating this dispute.

In response, Plaintiffs argue that after the Guam lawsuit was dismissed, CWI attempted to re-engage settlement and mediation efforts with Relyant on multiple occasions. (Doc. No. 33 at PageID # 168). Plaintiffs also contend that the alternate dispute resolution provision of the Subcontract is not a mandatory condition precedent to filing suit, that CWI complied with the Subcontract related to alternative dispute resolution to no avail prior to initiating this action, that Relyant has waived the same by not timely responding, and that two of Plaintiffs' claims do not arise out of the Subcontract and are not subject to any provisions therein.

Based on the information provided in the parties' joint status report (Doc. No. 89), the parties participated in arbitration in the International Chamber of Commerce, International Court of Arbitration in January of 2023. (Doc. No. 89 at PageID # 537). Accordingly, the Court finds that Defendant Relyant's grounds for dismissal are moot and denies its motion.

## IV. CONCLUSION

For the reasons stated above, Defendant Relyant's Motion to Dismiss (Doc. No. 23) will be **DENIED** as moot.

An appropriate Order will enter.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE